AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

MIGUEL A.C. VELASQUEZ,
ELVIS HAYCO,
RICHARD L. RANKIN,
MARLO R. JIMINEZ,
ELVIS O. MORAZAN,
HUBERT SANDER, and
MODESTO P. GONZALEZ

**CRIMINAL COMPLAINT**

CASE NUMBER: 8:08-mj- 1329-TBM

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about June 27, 2008, in the Middle District of Florida, the defendants did, conspire to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine and possession with intent to distribute five (5) kilograms or more of a mixture of substance containing a detectable amount of cocaine, while on board a vessel subject to the jurisdiction of the United States.

In violation of Title 46, United States Code, Sections 70503(a) and 70506;  Title 21, Untied States Code, Section 960(b)(1)(B)(ii); and Title 18, United States Code, Section 2.  I further state that I am a(n) Special Agent with Drug Enforcement Administration, and that this Complaint is based on the following facts:

### SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:          ☒ Yes   ☐ No

Gregory Wittman, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

at          Tampa, Florida

7-7-08

United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

N:\_Criminal Cases\V\Velasquez, Miguel_2008R_MSC\f_complaint_package.wpd

## AFFIDAVIT

I, Gregory A . Wittman, being duly sworn, aver as follows:

1.     I am a Special Agent with the Federal Bureau of Investigation currently assigned to the Tampa District Office.  I have been a FBI Special Agent for approximately 8 1/2 years.  Prior to this, I was a law enforcement officer with the City of Hudson, Ohio for approximately five years.  During my tenure with FBI , I have participated in investigations of organizations and individuals involved in the illegal drug trade, including organizations and individuals involved in maritime cocaine smuggling in the Caribbean Sea and the Pacific Ocean.  Accordingly, I am knowledgeable of the illegal methods of operation utilized by drug trafficking organizations and individuals involved in such maritime cocaine smuggling.

2.     I submit this affidavit in support of a criminal complaint charging Miguel A.C. VELASQUEZ, Elvis HAYCO, Richard L. RANKIN, Marlo R. JIMINEZ, Elvis O. MORAZAN, Hubert SANDER and Modesto P. GONZALES  with knowingly and willfully conspiring to possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, while onboard a vessel subject to the jurisdiction of the United States, with the Middle District of Florida being the place at which the defendants will first enter the United States, in violation of Title 46 Appendix, United States Code, Sections 70503(a), 70506 and Title 21, United States Code, Section 960(b)(1)(ii).  In support of this complaint, I allege the following facts.

3.    On June 25, 2008, at approximately 3:30pm (EST), United States Coast Guard (USCG) Cutter Tahoma spotted a Honduran motor vessel MISS DAYANNA operating in International waters of the Caribbean Sea.  The vessel was located at 15.38 degrees North latitude, by 078.49 degrees West longitude.  The USCGC Tahoma requested and received permission from the Government of Honduras to conduct a right of boarding.  Boarding Team members from the USCGC Tahoma subsequently boarded the MISS DAYANNA and detained the aforementioned seven crew members with VELASQUEZ being identified as the master of the vessel.  Said Boarding Team members conducted a search of the vessel and on June 27, 2008, at approximately 2:57pm (EST), located a hidden compartment on the MISS DAYANNA in the forward fuel tank.  A subsequent search of this hidden compartment yielded the discovery of 181 bales of contraband weighing approximately nine thousand eight hundred and twenty-two pounds (9,822lbs).  Onsite field drug test was performed by USCG Boarding Team members and yielded positive results for cocaine alkaloids.

4.    The above subjects were subsequently placed into custody by Boarding Team members.  On June 27, 2008, the United States Coast Guard requested the Government of Honduras waive its right to exercise jurisdiction over the vessel, cargo and crew of the F/ V MISS DAYANNA and authorize the enforcement of U.S. law by the United States.    On July 3, 2008, the Government of Honduras waived its right to exercise jurisdiction and consented to the enforcement of U.S. law.  The defendants will be brought to the United States with the Middle District of Florida being the point of entry without unnecessary delay.

2

5.     Based upon the information contained within this Affidavit, your affiant believed that there is probable cause to believe that Miguel A.C. VELASQUEZ, Elvis HAYCO, Richard L. RANKIN, Marlo R. JIMINEZ, Elvis O. MORAZAN, Hubert SANDER and Modesto P. GONZALES have violated Title 46, Sections 70503(a), 70506 and Title 21, Section 960(b)(1)(B)(ii).

6.  This complete my affidavit.

Special Agent Gregory A. Wittman
Federal Bureau of Investigation

Sworn before me and subscribed in my presence,
This 7th day of July, 2008.

THOMAS B. MCCOUN
United States Magistrate Judge

3